**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHAD MORROW, individually and on behalf of all similarly situated,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § | **Civil Action No. 3:11-cv-1988-D** |
| **J W ELECTRIC, INC. and JEFF McCOLLEY, individually** | § § § § | |
| **Defendants.** | § § § | **Jury Demanded** |

---

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

---

Filed By:

/s/ Meredith Mathews
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**MEREDITH MATHEWS**
Texas Bar No. 24055180
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400  Telephone
(214) 749-1010  Facsimile

# TABLE OF CONTENTS

- Cover Page .................................................................................................................. i

- Table of Contents ........................................................................................................ ii

- Table of Authorities ................................................................................................... iii

- I.  Background ...........................................................................................................Page 1

- II.  Arguments and Authorities ................................................................................Page 2

     A.  The Court Has Subject Matter Jurisdiction Over This FLSA Case ...............Page 2

     B.  Plaintiff States a Valid Claim for Which Relief Can Be Granted in His
          Original Complaint .......................................................................................Page 3

          1.  Plaintiff's Complaint States a Valid Claim for Recovery Under the
               Theory of Enterprise Coverage ...........................................................Page 4

          2.  This Court has Subject Matter Jurisdiction Because Plaintiff was an
               Individual Covered by the FLSA ........................................................Page 6

     C.  Defendants' Request for Summary Judgment is Premature and Should be
          Rejected.........................................................................................................Page 7

          1.  Legal Authorities Support the Fact that Defendants are Subject to
               Enterprise Coverage ...........................................................................Page 8

          2.  Facts Do Not Support Granting the Motion for Summary
               Judgment .............................................................................................Page 10

- Conclusion ...........................................................................................................Page 11

## TABLE OF AUTHORITIES
### Cases

*Barber v. MV Blue Cat*, 372 F.2d 626 (5th Cir. 1967) ................................................................ 3

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) ........................................................ 4

*Benge v. Highgate Holdings,* 2010 WL 2680113 (N.D. Tex. July 2, 2010) .................................. 4

*Brennan v. Greene's Propane Gas Service, Inc.* 479 F.2d 1027 (5th Cir. 1973) ............ 5, 9,10, 11

*Brown v. Constant Care*, 2004 WL 1836732 (N.D. Tex. Aug. 17, 2004) ...................................... 3

*Campbell v. Wells Fargo Bank*, 781 F.2d 440 (5th Cir. 1986) .................................................. 3, 7

*Clark v. Tarrant County, Texas,* 798 F.2d 736 (5th Cir. 1986) ................................................. 2, 3

*Dunlop v. Indus. Am. Corp.*, 516 F.2d 498 (5th Cir. 1975) .......................................................... 8

*Flores v. Nuvoc. Inc. 610 F. Supp. 2d 1349 (S.D. Fla. 2008)* ................................................... 10

*Johnson v. Dallas Ind. Sch. Dist.,* 38 F.3d 198 (5th Cir.1994) .................................................... 4

*Jomar Oil LLC v. Energytec Inc.,*, 2009 WL 20022918 (July 10, 2009) ...................................... 4

*Jordan v. Washington Mutual Bank*, 211 F. Supp. 2d 670 (D. Md. 2002) .................................... 7

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045 (5th Cir.
      1982) ................................................................................................................................... 3, 7

*Kurdyla v. Pinkerton Security*, 197 F.R.D. 128 (D.N.J. 2000) ..................................................... 7

*Lindgren v. Spears*, 2010 WL 5437270 (S.D. Tex. Dec. 27, 2010) .............................................. 3

*Lowery v. Texas A&M Univ. System*, 117 F.3d 242 (5th Cir. 1997) ......................................... 3, 4

*Marshall v. Fulton*, 2009 WL 2136408 (N.D. Tex. July 17, 2009) ............................................... 4

*Obregon v. JEP Family Enterprises, Inc.*, 710 F. Supp. 2d 1311 (S.D. Fla. 2010) ..................... 10

*Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217 (11th Cir. 2010) ......... 5, 8, 9, 10, 11

*Reich v. Troyer*, 1996 WL 198111 (E.D. La. Apr. 23, 1996) ....................................................... 2

*Rivera v. Heights Landscaping, Inc..*, 2004 WL 4324214 (N.D. Ill. Mar. 5, 2004) ..................... 8

*Schultz v. Kip's Big Boy, Inc.*, 431 F.2d 530 (5th Cir. 1970)............................................................ 5

*Simmang v. Texas Bd. of Law Examiners*, 346 F. Supp. 2d 874 (W.D. Tex. 2004) ...................... 7

*Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.* 474 F.3d 828 (5th Cir. 2007)............................... 9

*Stockman v. Federal Election Comm'n*, 138 F.3d 144 (5th Cir. 1998) ........................................ 2

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992 (2002)............................................... 4

*Tran v. Thai*, 2010 WL 5232944 (S.D. Tex. Dec. 16, 2010) .................................................... 3, 9

*USPPS, LTD v. Avery Dennison Corporation*, 2009 WL 1687647 (5th Cir. 2009) ...................... 4

## Statutes

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 ................................................................ 2

29 U.S.C. § 203 ................................................................................................................... 5, 6

29 U.S.C. § 207................................................................................................................... 6, 7

28 U.S.C. § 1331................................................................................................................... 2

## Secondary Sources

WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE:  JURISDICTION 2D § 3562 at 20............................................................................................................................................ 2

5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969) ...................................................................................................................... 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHAD MORROW, individually and on** | § | |
| **behalf of all similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-cv-1988-D** |
| | § | |
| **J W ELECTRIC, INC. and JEFF** | § | |
| **McCOLLEY, individually** | § | |
| | § | **Jury Demanded** |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

Plaintiff Chad Morrow ("Plaintiff") hereby files this Response to Defendant's Motion to Dismiss and alternative Motion for Summary Judgment filed by Defendants JW Electric, Inc. and Jeff McColley ("Defendants").

**I.
BACKGROUND**

This is an action to collect unpaid overtime under the Fair Labor Standards Act ("FLSA"). Plaintiff's Original Complaint clearly states that Defendant failed to pay Plaintiff and those similarly situated overtime wages in accordance with the law. Plaintiff was paid straight time wages for overtime work for hours 40 – 45 in a work week.

The Court maintains jurisdiction over the subject matter of this lawsuit because it presents a question of federal law under the FLSA. Defendant's Rule 12 attacks are premature, merits-based arguments that are proper only after the Parties have engaged in discovery. The Court should deny Defendant's Motion to Dismiss and alternative Motion for Summary Judgment and allow the case to proceed in the normal course.

## II.
## ARGUMENTS AND AUTHORITIES

**A.      The Court Has Subject Matter Jurisdiction Over This FLSA Case.**

Defendants assert the Court lacks subject matter jurisdiction over the case at bar.   (Brief at p. 2).   Federal courts are courts of limited jurisdiction.   If there is not a statute conferring jurisdiction upon federal courts, the court lacks the power to adjudicate the claim.  *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).    Plaintiff has asserted a claim for unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA").   29 U.S.C. § 201 *et. seq.*  Federal courts have jurisdiction over claims arising under federal law, or federal questions. 28 U.S.C. § 1331.   It is axiomatic that a federal court has jurisdiction over a lawsuit filed based on a federal statute.  "It is obvious that a suit for overtime under the Fair Labor Standards Act is a federal question case."  WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3562 at 20.

Defendants' Motion confuses the question of whether or not the company is a covered entity under the Fair Labor Standards Act ("FLSA") and hence subject to the minimum wage and overtime requirements therein, with whether or not the case presents a federal question for subject matter jurisdiction purposes.   According to on point 5th Circuit precedent, the two inquiries are wholly separate.  *Clark v. Tarrant County, Texas,* 798 F.2d 736, 741–42 (5th Cir. 1986)).  "[W]here a federal statute both conveys jurisdiction and creates the cause of action, the district court 'should find that it has jurisdiction over the case and deal with the defendant's challenge as an attack on the merits.'"  *Reich v. Troyer*, 1996 WL 198111, at *2 (E.D. La. Apr. 23, 1996) (quoting *Clark v. Tarrant County, Texas,* 798 F.2d 736, 741–42 (5th Cir. 1986)).  The FLSA's enterprise requirement both conveys jurisdiction and is an element of the cause.  *Id.* Consequently, courts should deny a motion to dismiss for lack of subject matter jurisdiction

made on the basis of lack of enterprise coverage. *Id.*; *see also Brown v. Constant Care, Inc.*, 2004 WL 1836732, at *2 (N.D. Tex. Aug. 17, 2004). Several of Defendant's own authorities conclude that the question of whether or not Defendants are a covered entity and hence subject to the requirement of the FLSA is not a jurisdictional question, but rather a merits-based questions. *See Clark v. Tarrant Cnty.*, 798 F.2d 736 (5th Cir. 1986); *Lindgren v. Spears*, 2010 WL 5437270 (S.D. Tex. Dec. 27, 2010); *Tran v. Thai*, 2010 WL 5232944 (S.D. Tex. Dec. 16, 2010); *Brown v. Constant Care*, 2004 WL 1836732 (N.D. Tex. Aug. 17, 2004). A motion to dismiss for lack of subject matter jurisdiction is not the proper vehicle with which to challenge coverage. *Id.* Because Plaintiff's claim arises out of a federal statute, the Court retains jurisdiction over the subject matter as the lawsuit raises a federal question.

      **B.**    **Plaintiff States a Valid Claim for which Relief Can Be Granted in his Original Complaint.**

In the alternative, Defendants seek to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that Plaintiff has failed to state a claim upon which relief may be granted. (Brief p. 3 – 4). As this Court is well aware, Rule 12(b)(6) motions are "viewed with disfavor and . . . rarely granted." *Lowery v. Texas A&M Univ. System*, 117 F.3d 242, 247 (5th Cir. 1997). The Fifth Circuit has held that the granting of a Rule 12(b)(6) motion is "a precarious disposition with a high mortality rate." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Barber v. MV Blue Cat*, 372 F.2d 626, 627 (5th Cir. 1967). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.*; *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). The Court's inquiry is limited to whether or not Plaintiff is entitled to offer evidence to support his claims and does not address whether Plaintiff will ultimately prevail on the merits. *Johnson v. Dallas Ind. Sch. Dist.,* 38 F.3d 198, 199 (5th

Cir.1994).

Under Federal Rule of Civil Procedure 8(a) & (e), Plaintiff's Complaint need only include a short and plain statement of the <u>claim</u> showing that the pleader is entitled to relief, with such statement not being technical, but simply giving Defendants fair notice of what the Plaintiff's claim are, and the grounds upon which they rest.  "The liberal notice pleading of Rule 8(a) is the starting point of the simplified pleading system, which was adopted to focus litigation on the merits of a claim." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 999 (2002).  "Once a claim has been stated adequately, it may be supported by showing <u>any</u> set of facts consistent with the allegations in the complaint." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 563 (2007) (emphasis added).   The Fifth Circuit has held that the standard for granting Rule 12(b)(6) motions is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowery,* 117 F.3d at 247 (*quoting*  5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969)).  In deciding this Motion, the Court must accept the facts pled in the Plaintiff's complaint are true.  *USPPS, LTD v. Avery Dennison Corporation*, 2009 WL 1687647 at *4 (5th Cir. 2009) (reversing the district court's granting of defendant's motion to dismiss); *See also Benge v. Highgate Holdings,* 2010 WL 2680113 (N.D. Tex. July 2, 2010); *Marshall v. Fulton*, 2009 WL 2136408 (N.D. Tex. July 17, 2009) (denying defendant's motion to dismiss); *Jomar Oil LLC v. Energytec Inc.*, (2009 WL 20022918 July 10, 2009) (same). Thus, in the light most favorable to Plaintiff and with every doubt resolved in his favor, the Complaint states a valid claim for violation of the FLSA.  This Court should therefore deny Defendants Rule 12(b)(6) Motion.

1.  **Plaintiff's Complaint States a Valid Claim for Recovery Under the Theory of Enterprise Coverage.**

There are two ways in which Defendants can be subject to the requirements of the FLSA. First, Defendants can fall under the theory of enterprise coverage, or second, each plaintiff may be an individual employee engaged in commerce. 29 U.S.C. § 203. An employer is subject to enterprise coverage if it (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has at least $500,000 of "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A). If an employer is considered an "enterprise" under the FLSA, all of its employees will be covered.

Congress has made handling goods or materials that have traveled in interstate commerce an <u>independent</u> basis for enterprise coverage under the FLSA. *Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010). The FLSA was designed to "regulate enterprises dealing in articles *acquired intrastate* after travel in interstate commerce." *Schultz v. Kip's Big Boy, Inc.*, 431 F.2d 530, 533 (5th Cir. 1970) (emphasis in original, internal citations omitted). Furthermore, the Fifth Circuit has made clear that there is not requirement of continuity of movement of the goods or materials. *Brennan v. Greene's Propane Gas Service, Inc.* 479 F.2d 1027, 1030 (5th Cir. 1973). In other words, purchasing goods or materials locally will not defeat enterprise coverage under the FLSA.

Plaintiff's Complaint lays out facts that give rise to enterprise coverage under the FLSA. Plaintiff has pled the following facts:

-   Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

- Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

- Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000

Plaintiff's Complaint clearly articulates that Defendants were and are an enterprise engaged in commerce.  Plaintiff has specifically pled that Defendants have a gross volume of sales or business that is not less than $500,000.00.  (Plaintiff's Complaint, ¶ 12).  Furthermore, Plaintiff's Complaint states that Defendants are an enterprise with employees handling, selling, or otherwise working on materials that have been moved in or produced for commerce.  (*Id.*). Taken as true, the allegations are sufficient to put Defendants on notice of the basis of Plaintiff's claim for relief, and specifically the basis of Plaintiff's claim of enterprise coverage.  Plaintiff's allegations are sufficient for the Court to deny Defendant's motion.

**2.    The Court has Subject Matter Jurisdiction Because Plaintiff was an Individual Covered by the FLSA.**

Even in the absence of "enterprise coverage" under 29 U.S.C § 203(s)(1), this Court has subject matter jurisdiction over this action because Plaintiff's Complaint asserts "individual coverage" under 29 U.S.C. § 207.  (Plaintiff's Complaint, ¶ 13).  The FLSA provides that an individual employee who is engaged in commerce or in the production of goods for commerce is

entitled to overtime compensation.  29 U.S.C. § 207(a)(1).  Defendant asserts that Plaintiff was not engaged in commerce or in the production of goods for commerce. (Brief at pp. 6-7).  However, the allegations in Plaintiff's Complaint should be liberally construed in favor of the plaintiff.  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).  Plaintiff clearly alleges and articulates he was an employee engaged in commerce as required by the FLSA.  *See* 29 U.S.C. § 207.  Furthermore, Plaintiff's job was directly related to interstate commerce.  Plaintiff and those similarly situated repaired electrical problems for various individuals and businesses, ensuring that electrical service was properly functioning.  (Plaintiff's Complaint, ¶ 16).  Plaintiff's job is the very epitome of affecting interstate commerce.  Proper electrical function is critical to the idea of commerce in this country.  Plaintiff's job of working on the delivery mechanisms of electricity is grounded in interstate commerce.  Because Plaintiff clearly alleges he was an employee engaged in commerce the Court should deny Defendant's Motion.

### C.   Defendants' Request for Summary Judgment is Premature and Should be Rejected.

In the alternative to a Motion to Dismiss, Defendants request that the Court convert its Motion into a Motion for Summary Judgment under Rule 56.  FED. R. CIV. P. 56.  However, the Court has complete discretion to determine whether or not to accept any material outside of the pleadings.  *Simmang v. Texas Bd. of Law Examiners*, 346 F. Supp. 2d 874, 890-91 (W.D. Tex. 2004).  If little or no discovery has been conducted on the issue for which the extraneous material was submitted, the Court may decline to consider the attached materials and to convert the motion into a summary judgment motion.  *Id.  See also Jordan v. Washington Mutual Bank*,

211 F. Supp. 2d 670, 674 (D. Md. 2002); *Kurdyla v. Pinkerton Security*, 197 F.R.D. 128, 131 (D.N.J. 2000).

In the case at bar, no discovery has been conducted.  Plaintiff has had no opportunity to request and review documents related to Plaintiff's employment or Defendants' business operations.  No discovery has been conducted on the issues of Defendants' status as an enterprise (including the veracity of the affidavit submitted by Defendants), or Plaintiff's status as an individual covered by the FLSA.  As a result, the Court should not convert Defendants' Motion into a Motion for Summary Judgment before Plaintiff has had a chance to conduct discovery.[1] The Parties should have an opportunity to participate in discovery before the Court considers a Motion for Summary Judgment.

In *Rivera v. Heights Landscaping, Inc.,* an Illinois district court reviewed a defendant's motion to dismiss for lack of subject matter jurisdiction, or in the alternative motion for summary judgment, based on issues similar to those presented herein.  2004 WL 434214 (N.D. Ill. Mar. 5, 2004).  After determining it had jurisdiction, the court declined to convert the motion to dismiss into a motion for summary judgment.  *Id.*  The Court ruled the plaintiff would be permitted to test the accuracy of the evidence proffered by Defendnat.  *Id.*  This Court should follow the *Rivera* court's logic and decline to convert Defendants' Motion to Dismiss to a Motion for Summary Judgment.

## 1. Legal Authorities Support the Fact that Defendants are Subject to Enterprise Coverage.

Under the FLSA, an employer will be considered an "enterprise engaged in commerce" if it has employees "handling, selling, or otherwise working on goods that have been moved in or produced for commerce".  29 U.S.C. § 203.  This "handling clause" was intended to encompass

---

[1] Should the Court be inclined to convert Defendants' Motion to Dismiss into a Motion for Summary Judgment, Plaintiff requests leave to file an affidavit pursuant to Federal Rule 56(f) seeking additional time to conduct discovery in order to respond to Defendants' Motion.

retail and service businesses that were otherwise locally focused, such as Defendants. *Dunlop v. Indus. Am. Corp.*, 516 F.2d 498, 501 (5th Cir. 1975); *see also Polycarpe*, 616 F.3d at 1220. Furthermore, the handling clause is an independent basis for enterprise coverage under the FLSA. *Polycarpe* at 1220.

Notwithstanding clear Fifth Circuit precedent on the issue of coverage, Defendants still seek to have this Court dismiss Plaintiff's Complaint, or enter summary judgment against Plaintiff while relying on inapposite authorities.   Defendants' theory of coverage (or subject matter jurisdiction as they call it), is that because the materials the company uses are purchased locally and the company's employees only service individuals and businesses locally, Defendants' are not "engaged in commerce".   Defendants seem to rely on the "coming to rest" theory - "the belief that interstate goods or materials can lose their interstate quality if the items have already come to rest within a state before intrastate purchase by a business." *Polycarpe*, 616 F.3d 1217, 1221 (internal citations omitted).  The Eleventh Circuit, relying on Fifth Circuit precedent, has clearly and unequivocally rejected Defendants' position. *Id.*  "'Binding precedent rejects this doctrine in the enterprise coverage context as based on an incorrect reading of the …FLSA.'" *Id. quoting Brennan v. Greene's Propane*, 479 F.2d at 1030.  The Circuit Court has stated that looking at where a Defendant bought an item is the wrong inquiry. *Id.* at 1221. Instead, the parties should look to where the item was <u>produced</u> to determine whether or not Defendants fall under the enterprise theory of coverage. *Id.*

The majority of cases cited by Defendants in support of their position, focus on individual coverage, as opposed to enterprise coverage. *See Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.* 474 F.3d 828, 829 (5th Cir. 2007); *Tran v. Thai*, 2010 WL 5232944 (S.D. Tex. 2010).  The standards governing individual coverage are not the same as the standards governing

enterprise coverage.   *Polycarpe*, 616 F.3d at 1221.     Because those standards governing individual coverage are so different from the expansive coverage provided by the handling clause of enterprise coverage (articulated above, at length), the cases dealing solely with individual coverage are inapposite to the question of whether or not Defendants are covered employers under the theory of enterprise coverage.

The only case cited by Defendants that directly addresses enterprise coverage, relies on a theory that is no longer good law.  (Motion at p. 8).  *See  Obregon v. JEP Family Enterprises, Inc.*, 710 F. Supp. 2d 1311 (S.D. Fla. 2010).  The *Obregon* court, in granting defendant's motion for summary judgment, relies on another decision from the Southern District of Florida, *Flores v. Nuvoc. Inc.*, as the basis for its holding that a company that purchases its material locally is not subject to enterprise coverage under the FLSA.   610 F. Supp. 2d 1349 (S.D. Fla. 2008).[2] However, the 11th Circuit's opinion in *Polycarpe*, decided <u>after</u> *Obregon* makes clear that the rationale for denying enterprise coverage on the basis that goods and materials were purchased locally and used locally, is no longer good law.  616 F.3d at 1221, 1227.  Specifically, the 11th Circuit has held that a judgment for defendant must be vacated if there is a "question about where the goods or materials were produced or where they have moved."  *Id.* at 1221.

### 2.  Facts Submitted by Defendant Do Not Support Granting the Motion for Summary Judgment.

In addition, Defendants' evidence does not support their request for summary judgment. As articulated above, the standard for enterprise coverage is very broad.  It is far reaching in order to serve the remedial purposes of the FLSA.   Under enterprise coverage, as long as Defendants' employees regularly handle goods or materials that have at one time moved in

---

[2]      *Flores v. Nuvoc* was one of the cases on appeal in the 11th Circuit's consolidated opinion in *Polycarpe*. The District Court affirmed *Nuvoc's* holding that plaintiff could not prove the defendant had an annual gross volume of sales made or business done was $500,000 or more.  The court did not examine the interstate commerce issues because it could affirm the district court on the basis of the business volume test.

commerce, Defendants' employees will be covered employees under the FLSA, and as a result, entitled to overtime compensation. *Greene's Propane*, 479 F.2d at 1030; *Polycarpe*, 616 F.3d at 1221. The affidavit submitted by Defendants as evidence in support of its Motion only states that Defendants purchase their material locally, not that the materials are produced locally. In order for the Court to grant summary judgment in favor of Defendants, they must present evidence that the materials handled (and all of the parts they are made from) are produced locally. Defendants have not submitted such evidence (likely because it does not exist), and as a result, the Court should deny Defendants' Motion.

Defendants' evidence is not sufficient for the Court to grant summary judgment because it does not go far enough in its analysis of where the materials Plaintiff and other similarly situated employees used came from. Courts must examine where goods have been and where they were produced, not just where the goods or materials were purchased. *Polycarpe*, 616 F.3d 1217, 1221. The affidavit does not list where the tools and supplies are purchased, whether or not they are manufactured in Texas, whether or not the stores they are purchased at are local or chains, rather it makes conclusory statements that Defendants are not engaged in commerce without factual support for those claims. An employee need only handle goods or materials that have been moved in or produced in interstate commerce. The fact that the company purchases the materials they use locally, does not mean that the goods or materials originated or were produced locally. If some of the materials Plaintiff and opt-in plaintiffs used were produced out of state, then Defendants qualify as a covered entity under the FLSA. Because Defendants' affidavit does not lay out sufficient factual allegations to defeat enterprise coverage, the Court should deny Defendants' Motion.

### III. CONCLUSION

Defendant's Motion asks this Court to make a decision on the merits before the Parties have had an opportunity to conduct discovery.   The Motion is not timely, and should be denied. In addition, the Court has subject matter jurisdiction over this case because the lawsuit arises under federal law.  Plaintiff has also pleaded facts sufficient to establish a violation of the FLSA which the Defendant readily admits.  Accordingly, the Court should deny Defendant's Motion.

Respectfully submitted,

*/s/ Meredith Mathews*
**J. Derek Braziel**
Texas Bar No. 00793380
**Meredith Mathews**
Texas Bar No. 24055180
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar St. Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelayer.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2011 a copy of the foregoing document was electronically filed.  Notice of this filing will be sent to counsels of record for all parties by operation of the Court's Electronic Filing System.

 */s/ Meredith Mathews*
Meredith Mathews

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS – Page 12**