IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHAD MORROW, individually and on behalf of all similarly situated, § § § Plaintiff, § § Civil Action No. 3:11-CV-1988-D VS. § § J W ELECTRIC, INC., et al., § § Defendants. § | |

CHAD MORROW, individually and § 
on behalf of all similarly situated, § 
  § 
             Plaintiff, § 
  § Civil Action No. 3:11-CV-1988-D
VS. § 
  § 
J W ELECTRIC, INC., et al., § 
  § 
             Defendants. § 

MEMORANDUM OPINION
AND ORDER

In this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) presents the questions whether plaintiff has sufficiently alleged subject matter jurisdiction and has stated a claim on which relief can be granted. Concluding that plaintiff has adequately pleaded subject matter jurisdiction but has failed to state a claim, the court grants the motion to dismiss but also allows plaintiff to replead.

I

This is a collective action by plaintiff Chad Morrow ("Morrow"), individually and on behalf of all similarly situated, against J W Electric, Inc. and J W Electric, Inc.'s owner, Jeff McCulley, alleging violations of the FLSA. According to Morrow's complaint, he and those similarly situated are or were electricians or electrical repairmen who provided electrician services to defendants' clients. Morrow alleges that defendants violated the FLSA by failing to pay Morrow and other employees overtime wages for hours worked in excess of 40 hours

a week.

Defendants move to dismiss Morrow's action under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted.[1]

II

The court turns first to defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Id.*

Defendants maintain that Morrow has not alleged facts that establish the court's subject matter jurisdiction. Morrow responds that such factual allegations are unnecessary. The court agrees. The court's subject matter jurisdiction does not turn on whether Morrow has alleged facts that demonstrate coverage under FLSA but on whether his well-pleaded complaint asserts a federal-question cause of action. *See, e.g., Barron v. Patel*, 2011 WL 690183, at *1 (N.D. Tex. Feb. 16, 2011) (Fitzwater, C.J.). Because Morrow's well-pleaded complaint asserts a claim under the FLSA, he has invoked this court's federal question jurisdiction, and defendants' motion to dismiss lacks merit. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the

---

[1]Alternatively, defendants move for summary judgment under Rule 56. The court does not reach the alternative summary judgment motion.

Constitution, laws, or treaties of the United States."); *see also Barron*, 2011 WL 690183, at *1 (rejecting challenge to subject matter jurisdiction based on contention that plaintiff lacked standing because she was not defendants' "employee" under the FLSA). Moreover, "'[j]urisdiction under the federal question statute is not defeated by the possibility that the averments, upon close examination, might be determined not to state a cause of action.'" *EEOC v. Serv. Temps*, 2010 WL 5108733, at *2 (N.D. Tex. Dec. 9, 2010) (Fitzwater, C.J.) (quoting *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316-17 (7th Cir. 1997)), *appeal docketed*, No. 11-10262 (5th Cir. Mar. 15, 2011).

### III

The court turns next to defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted.

### A

In deciding this motion, the court evaluates the sufficiency of Morrow's complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive defendants' motion to dismiss, Morrow must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citation omitted).

B

The parties primarily dispute whether the complaint sufficiently alleges FLSA coverage. Defendants contend that the complaint does not allege facts but rather merely recites the statutory elements of FLSA coverage. Plaintiff responds that the complaint sufficiently alleges facts establishing both individual and enterprise coverage.

To survive defendants' motion to dismiss, Morrow must allege facts that show coverage under FLSA. *See, e.g., Lindgren v. Spears*, 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010) (holding that FLSA coverage must be alleged because it is element of claim). "The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ("individual coverage") or employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage")." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotation marks and emphasis omitted).[2] "Either

---

[2] "Commerce," under the FLSA, "means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place

individual or enterprise coverage is enough to invoke FLSA protection." *Id.* (emphasis omitted). Enterprise coverage requires that the enterprise:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1).

The court agrees that the complaint does not sufficiently allege facts demonstrating individual or enterprise coverage. Rather than pleading specific facts that establish individual or enterprise coverage, plaintiff merely recites the statutory elements of FLSA coverage, or asserts generalized facts that do not relate to the coverage issue. *See, e.g., Davis v. Dall. County*, 541 F.Supp.2d 844, 849 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *Twombly*, 550 U.S. at 555) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" (citations, quotation marks, and brackets omitted)).

Morrow argues that he has adequately pleaded individual coverage by alleging that

---

outside thereof." 29 U.S.C. § 203(b). In other words, "commerce" refers to interstate commerce. *See Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1221 (11th Cir. 2010).

he was employed by defendants "to perform electrical work" that entailed "travel[ing] to various homes and businesses . . . [to] perform whatever repair work . . . needed to be done." Compl. 3 ¶ 16.  But this allegation, even when assumed to be true, does not show that Morrow was "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).  The allegation describes Morrow's work, but it does not show how that work engages him in interstate commerce.

Morrow also maintains that he has sufficiently pleaded enterprise coverage.  In support, he cites cases that establish that the mere handling of goods or materials that have traveled in interstate commerce creates enterprise coverage. *See, e.g., Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220-21 (11th Cir. 2010).  But Morrow does not allege any facts demonstrating that he has handled goods that traveled in interstate commerce.  Instead, Morrow only makes conclusory allegations.  For example, Morrow asserts that "[d]efendants have been an enterprise engaged in commerce . . . within the meaning of . . . 29 U.S.C. § 203(s)(1)." Compl. 3 ¶ 12.  He also alleges, without factual support, that defendants "had employees engaged in commerce or in the production of goods for commerce . . . and [had] an annual gross volume of sales made or business done of not less than $500,000." *Id.*  These averments are not allegations of fact that provide "the grounds of his entitlement to relief"; they are nothing more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *see also Lindgren*, 2010 WL 5437270, at *3 (granting motion to dismiss FLSA claim because "[t]he allegations of FLSA coverage are conclusory; they merely repeat the

statutory elements of coverage, which is an element of the claim"). Morrow has therefore failed to plead sufficient facts to enable the court to conclude that he has pleaded "a claim to relief that is plausible on its face." *Id.* at 570. Because Morrow has failed to allege facts that, if taken as true, establish coverage under the FLSA, defendants' Rule 12(b)(6) motion to dismiss is granted.

IV

Although the court has granted defendants' motion to dismiss under Rule 12(b)(6), it will permit Morrow to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). Morrow must file his amended complaint within 30 days of the date this memorandum opinion and order is filed.

\* \* \*

For the reasons explained, the court grants defendants' October 11, 2011 motion to dismiss. Morrow may file an amended complaint within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

November 16, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE