IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHAD MORROW, individually and on behalf of all similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:11-cv-1988 |
| J W ELECTRIC, INC. and JEFF McCOLLEY, individually | § § § | |
| Defendants. | § § § | Jury Demanded |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Chad Morrow, on behalf of himself and all others similarly situated ("Plaintiff" and "Class Members" herein) bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### I.     NATURE OF SUIT

1.     The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.     Defendants violated the FLSA by paying employees straight time for overtime hours thereby failing to pay those workers at time-and-one-half their regular rates of pay for all hours

worked within a workweek in excess of forty hours. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.     PARTIES

3.     Plaintiff Chad Morrow is an individual who resides in Texas and was employed by Defendant within the meaning of the FLSA. He hereby consents to be a party in this action and his consent form is attached as "Exhibit A".

4.     The Plaintiff and Class Members are Defendant's current and former hourly paid electricians or electrical repair persons who provided electrician services to Defendant's customers.

5.     Defendant J W Electric, Inc. (JW Electric) is a Texas corporation.  J W Electric can be served with process through its registered agent, Gary Lee Hach, 312 W. Northwest Hwy., Grapevine, Texas 76051.

6.     Defendants Jeff McColley is the owner/operator or J W Electric. He can be served with process at 2900 E. Randol Mill Road, Arlington, Texas 76011, or wherever he may be found.

## III.     JURISDICTION AND VENUE

7.     This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

8.     Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District and Defendants resides in this District.

## IV.     COVERAGE

9.     At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

10.     At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12.     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13.     At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTUAL ALLEGATIONS

14.     Defendant J W Electric, Inc. is a corporation that provides electrical and electrician services to its customers.

15.     Defendants' gross volume of sales or business done exceeds $500,000.00 per year.

16.     Plaintiff and other similarly situated employees use and handle tools and other materials that have traveled in interstate commerce.

17.     Plaintiff's and other similarly situated employees' tools and materials are purchased at large retail stores such as Home Depot and Elliot Electric. The goods and materials used by Plaintiffs and those similarly situated, which are purchased by Defendants from those stores have been manufactured in states other than Texas. These goods and materials were transported

across state lines, including the Texas state line, before being purchased by Defendants and used by Plaintiffs.

18.     Defendants also purchase and/or have purchased electrical supplies from Crawford Electric, which does business in Texas and Louisiana. The goods and materials used by Plaintiffs and those similarly situated, which are purchased by Defendants from Crawford Electric have been manufactured in states other than Texas. These goods and materials were transported across state lines, including the Texas state line, before being purchased by Defendants and used by Plaintiffs.

19.     Defendant Jeff McColley is the owner/operator of J W Electric. He is responsible for running the day to day operations of the company and making decisions with respect payment policy and procedures.

20.     Plaintiff was employed by Defendants to perform electrical work for Defendants' clients. Plaintiff was required to travel to various homes and businesses throughout the day and perform whatever repair work or other electrical work that needed to be done. Plaintiff worked for Defendants from 2005 until July 11, 2011.

21.     Plaintiff was paid on an hourly basis, however Plaintiff was not properly compensated for hours worked in excess of 40 in a workweek. Plaintiff and the Class Members routinely worked in excess of 40 hours per week, but were not paid time-and-one-half their regular rates of pay for hours 40 - 45. Instead, Plaintiff and Class Members were paid at the same hourly rate for all hours worked up to 45 in a workweek, rather than time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a week

22.     During the three year period prior to this suit, Defendants have employed individuals as hourly-paid electricians or electrical repair persons who performed the same or similar job duties

under the same or similar pay provision as Plaintiff, who were denied overtime compensation in the same manner as Plaintiff.

23.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members. Plaintiff complained to Defendants about Defendants' failure to pay time-and-a-half for hours 40 – 45 and Plaintiff was told Defendants would not pay overtime for those hours.

## VI.    COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff and the Class Members performed the same or similar job duties as one another in that they worked as hourly paid electricians. Further, Plaintiff and Class Members were subjected to the same pay provisions in that they were paid on an hourly basis and were not paid at time-and-one-half their regular rates of pay for hours worked between 40 and 45 in a workweek. Thus, the Class Members are owed unpaid overtime for the same reasons as Plaintiff.

25.     Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying straight time for overtime for hours worked between 40 and 45 in a workweek. This policy or practice is/was applicable to Plaintiff and the Class Members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former employees who provided electrical repair services (including, but not limited to, electricians, electrical repair technicians), regardless of title, who were not paid at time-and-one-half their regular rates of pay for hours worked between 40 and 45 in a workweek.**

26.    Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

## VII.    CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27.    During the relevant period, Defendants have violated and are violating the provisions of Sections 7 of the FLSA, 29 U.S.C.§ 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.  Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII.   RELIEF SOUGHT

28.    WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b.    For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c.    For an Order awarding Plaintiff (and those who may join in the suit) attorneys fees; and

d.     For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.     For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,


 /s/ J. Derek Braziel
**J. DEREK BRAZIEL**
*Attorney in Charge*
Texas Bar No. 00793380
**MEREDITH MATHEWS**
Texas Bar No. 24055180
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above and foregoing instrument has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 16th day of November, 2011.


/s/ J. Derek Braziel
**J. DEREK BRAZIEL**

PLAINTIFF'S FIRST AMENDED COMPLAINT                                    Page - 7